IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDWARD CARTER                                                                                               PLAINTIFF

      v.                       Civil No. 6:09-cv-06076

WAL-MART; and
RANDALL NICHOLS,
Manager, Wal-Mart                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The case was originally filed in the Eastern District of Arkansas and transferred to this Court by order entered on August 26, 2009 (Doc. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for a determination of whether service of process should issue. For the reasons stated below, it is my recommendation that the Complaint be dismissed.

## Background

According to the allegations of the Complaint, on November 13, 2007, Randall Nichols (hereinafter Nichols), the security manager of the Wal-Mart located at 1601 Albert Pike, Hot Springs, Arkansas, gave a statement to Detective Stockwell about events that occurred at the Wal-Mart store on November 12, 2007. In the statement, Nichols indicated it was obvious from the bulges in his clothing that the Plaintiff, Edward Carter (hereinafter Carter), had concealed a number of items on his person and left the store without paying for the items. Carter maintains Nichols never saw him conceal items, the security alarm at the store did not go off, and he was not caught on camera concealing items. Instead, Carter maintains Nichols took the word of another shopper, Salli

Reding, who said she saw Carter conceal items in his pants.[1] Nichols also stated Carter pulled a gun and pointed it at Reding when she confronted him about concealing items outside the store.

As a result of the statement, Carter was arrested and charged with aggravated robbery. Carter was convicted of aggravated robbery and sentenced to thirty years in the Arkansas Department of Correction.

## Discussion

Pursuant to 28 U.S.C. § 1915(e) the court has the obligation to screen any complaint filed *in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Here, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. While there are limited circumstances in which a private party may be considered to be a state actor, Carter has not alleged the existence of a conspiracy or that these Defendants willfully participated in joint activity with the State and its agents. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).

---

[1] At page 4 of the complaint, Carter refers to Reding as another shopper. At page 5 of the complaint, he refers to Reding as a store manager. He then states during Reding's statement and testimony she never "states that she ever worked for Wal-Mart when Randall Nichols said that she did."

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime). It is clear Defendants cannot be sued under § 1983 because they are private citizens, not acting under color of state law.

To the extent the complaint can be read to be asserting a defamation claim, the claim also fails. A cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

Finally, even if the complaint stated a claim under § 1983, it could not be allowed to proceed because any claim for damages is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Carter's conviction has not been reversed or otherwise held invalid.

## Conclusion

Accordingly, it is the recommendation of the undersigned that the Complaint be dismissed as the claims asserted are frivolous and fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of September 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE